URSULA HERNÁNDEZ, Plaintiff and Appellee, *v.* SERODACIO ALVARADO, Defendant and Appellant.

No. 4596. Argued May 7, 1928.—Decided May 10, 1928.

*C. Iriarte Jr.* for the appellant. *L. H. Tirado* for the appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

In the present case the court is asked to dismiss the appeal on the ground that the appellant applied for a copy of the stenographic record in order to present a statement of the case and then several extensions of time for obtaining the record were granted by the court; that 138 days have elapsed since the date of filing the notice of appeal; that the appellant has not prosecuted his appeal with due diligence or in good faith because the stenographic record was not absolutely necessary for preparing the statement of the case and because, knowing that in one of the three sessions of the trial the notes were made by a different stenographer from the one who acted in the others, he did not seasonably ask that stenographer to make the transcript of the notes and

applied for it on April 14, 1928, or 126 days after taking the appeal.

We can not agree that the fact that the stenographic record is not absolutely necessary for preparing the statement of the case shows negligence or bad faith on the part of the appellant.

Usually a copy of the evidence is necessary, although not indispensable, for the party who wishes to present a statement of the case, as the appellant may not remember all of the evidence and in preparing the statement of the case might commit serious mistakes as to the evidence examined. Logically a copy of the evidence is necessary just as copies of documents are necessary for referring to or quoting their contents.

From the documents presented in the sworn opposition to the motion for dismissal and certificates of the clerk and the stenographers who acted in this case, as well as from those exhibited in support of the motion, it becomes evident that the appellant sought various extensions for presenting the statement of the case and they were granted; that the extensions were based generally on the fact that the stenographer had not finished the record of the case and some of them on the pressing work of the attorney for the appellant in other cases and because of his duties as senator of Porto Rico, and one of them on the fact that the stenographer who acted in the second session of the trial had not transcribed the notes taken in that session. It also appears that stenographer José Morales Díaz had been unable to finish the transcript of the evidence sooner; that he had been ill, and that the stenographic notes taken by the other stenographer had been confused with the books of the regular stenographer. It also appears clearly that the attorney for the appellant made constant efforts to secure the stenographic notes and in applying for and obtaining extensions; that as soon as he received the notes he prepared his statement of the case and immediately presented it to the court on April 28, 1928,

the approval thereof being set for May 11 of the same year, and that the said attorney for the appellant has not been in the least negligent, but has attended to the case with the greatest diligence compatible with the circumstances under which he found himself.

The motion to dismiss must be overruled.